# UNITED STATES DISTRICT COURT
for the

_____ District of _____

_____ Division

FILED
Statesville, NC
MAY 23 2024
Clerk, US District Court
Western District of NC

TRAVUS McCANTS
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

CHUM HARRISON, OFFICER WOODARD
FNU-LNU CORRECTIONAL OFFICERS

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. **5:24-cv-132-GCM**
*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: ~~[scribbled out]~~ TRAVUS MCCANTS
All other names by which you have been known:
ID Number: 0780940
Current Institution: TABOR CI
Address: 4600 SWAMP FOX HWY
TABOR CITY    NC    28463
*City    State    Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: CHUM HARRISON
Job or Title *(if known)*: UNIT MANAGER
Shield Number:
Employer:
Address: NC DAC 22385 Mcgirts bridge rd.
LAURINBURG    NC    28352
*City    State    Zip Code*
[X] Individual capacity    [X] Official capacity

Defendant No. 2
Name: OFFICER FNU-WOODARD
Job or Title *(if known)*: Correctional Officer
Shield Number:
Employer: NCDAC
Address: 22385 Mcgirts Bridge Rd
LAURINBURG    NC    28352
*City    State    Zip Code*
[X] Individual capacity    [X] Official capacity

Defendant No. 3
Name: FNU-NEALY
Job or Title (if known): Correctional Sergeant
Shield Number:
Employer: NCDAC
Address: 22385 McGirts Bridge Rd
Laurinburg, NC 28352
City / State / Zip Code: Laurinburg, NC 28352

[X] Individual capacity  [X] Official capacity

Defendant No. 4
Name: SEVERAL FNU-LNU Correctional Officers (5-6 Officers)
Job or Title (if known):
Shield Number:
Employer: NCDAC
Address: 22385 McGirts Bridge Rd
Laurinburg, NC 28352

[X] Individual capacity  [X] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

EIGHTH AMEND. U.S. CONST.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED VERIFIED COMPLAINT

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

SEE ATTACHED COMPLAINT

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

AT SCOTLAND CI IN LAURINBURG, N-C
ON OR ABOUT MAR. 22, 2023

C. What date and approximate time did the events giving rise to your claim(s) occur?

MAR 22, 2023

Scotland Ci

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED COMPLAINT

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

HEAD TRAUMA

SEE ATTACHED COMPLAINT

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE ATTACHED COMPLAINT

IN EXCESS OF ONE MILLION DOLLARS

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCOTLAND C.i
LAURINBURG, N.C.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No     N/A

E. If you did file a grievance:

1. Where did you file the grievance?

    ~~ADSCOT~~ AT GRANVILLE CI

2. What did you claim in your grievance?

    THAT I WAS BEATEN WHILE I WAS HANDCUFFED

3. What was the result, if any?

    STAFF DIFFERRED TO CORRECTIONAL OFFICERS

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

    I APPEALED IT TO FINAL DISPOSITION

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

    N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)    N/A
   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*
   N/A

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   N/A

6. Is the case still pending?

   ☐ Yes
   ☒ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
   N/A

☐ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)     N/A
   Defendant(s)    

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   N/A

6. Is the case still pending?

   ☐ Yes    N/A

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/15/2024

Signature of Plaintiff: X *Travus McCants*
Printed Name of Plaintiff: TRAVUS McCANTS
Prison Identification #: 0780940
Prison Address: 4600 SWAMP FOX HWY W.
TABOR CITY, N.C. 28463

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
_____ City _____ State _____ Zip Code
Telephone Number: _____
E-mail Address: _____

IN THE UNITED STATES DISTRICT COURTHOUSE
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
FILE NO: _____

TRAVUS McCANTS,
      PLAINTIFF,
V.

CHUM HARRISON, OFFICER
WOODARD, SERGEANT NEALY
AND SEVERAL FNU-LNU
CORRECTIONAL OFFICERS,
       DEFENDANTS.

— VERIFIED COMPLAINT —

## I. JURISDICTION AND VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. 1983 TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343(A)(3). PLAINTIFF SEEKS COMPENSATORY AND PUNITIVE DAMAGES. PLAINTIFF FURTHER SEEK DECLATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFFS CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2. THE MIDDLE DISTRICT IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(B)(2) BECAUSE IT IS WHERE THE EVENTS THAT GAVE RISE TO THIS CAUSE OF ACTION OCCURRED.

## II. PLAINTIFF:

3. PLAINTIFF TRAVUS McCANTS IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF NORTH CAROLINA IN THE CUSTODY OF THE NORTH CAROLINA DEPARTMENT OF ADULT CORRECTIONS. (HERENAFTER N.C.D.A.C.) HE IS PRESENTLY CONFINED AT TABOR CORRECTIONAL INSTITUTION IN TABOR CITY, N.C.

## III. DEFENDANTS:

4. DEFENDANT CHUM HARRISON IS A UNIT MANAGER EMPLOYED BY NCDAC AT SCOTLAND CORRECTIONAL INSTITUTION IN LAURINBURG, N.C. HE IS AND WAS AT ALL TIMES MENTIONED HEREIN RESPONSIBLE FOR THE SAFETY, TREATMENT, AND WELFARE OF ALL PRISONERS UNDER HIS CHARGE. HE IS ALSO RESPONSIBLE FOR THE SUPERVISION OF ALL CORRECTIONAL SERGEANTS AND OFFICERS UNDER HIS CHARGE.

—1—

5. DEFENDANT FNU-WOODARD IS A CORRECTIONAL OFFICER EMPLOYED BY NCDAC AT SCOTLAND CORRECTIONAL INSTITUTION WHO AT ALL TIMES MENTIONED HEREIN WAS RESPONSIBLE FOR THE SAFETY, WELFARE, SUPERVISION, AND TREATMENT OF ALL INMATES UNDER HIS CHARGE.

6. DEFENDANT FNU-NEALY IS A CORRECTIONAL SERGEANT EMPLOYED BY NCDAC AT SCOTLAND CORRECTIONAL INSTITUTION WHO AT ALL TIMES MENTIONED HEREIN WAS RESPONSIBLE FOR THE SAFETY, WELFARE AND TREATMENT OF ALL INMATES UNDER HIS CHARGE. HE IS ALSO RESPONSIBLE FOR THE SUPERVISION OF ALL CORRECTIONAL OFFICERS AND SUBORDINATES UNDER HIS CHARGE.

7. DEFENDANTS FNU-LNU ARE APPROXIMATELY 5 OR 6 UNKNOWN CORRECTIONAL EMPLOYEES EMPLOYED BY NCDAC AT SCOTLAND CORRECTIONAL INSTITUTION WHO ACTIVELY ASSAULTED PLAINTIFF DURING THE EVENTS DESCRIBED HEREIN WHICH A FORECAST OF DISCOVERY WILL REVEAL AND WHOM PLAINTIFF RESERVES THE RIGHT TO ADD AS DEFENDANTS DURING THE COURSE OF THIS LITIGATION.

8. EACH DEFENDANT PARTY HEREIN IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES. AT ALL TIMES MENTIONED IN THIS COMPLAINT, EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

## IV.

## STATEMENT OF THE CASE

9. ON OR ABOUT OR AROUND MARCH 22, 2023 AT APPROXIMATELY 10:20 AM AT SCOTLAND CORRECTIONAL INSTITUTION ON THE BLUE UNIT, I WAS AWAITING A DISCIPLINARY HEARING BEFORE THE DISCIPLINARY HEARING OFFICER ON AN UNRELATED INCIDENT WHEN I ENCOUNTERED UNIT MANAGER DEFENDANT HARRISON.

10. AS SOON AS I SAW DEFENDANT HARRISON, I POLITELY BEGAN TO INQUIRE ABOUT REASONABLE ACCOMODATIONS FOR MY VISUAL IMPAIRMENT. FOOTNOTE 1. DURING THIS ENCOUNTER I COULD BARELY SEE DEFENDANT HARRISON BUT RECOGNIZE HIM FROM HIS VOICE. I HAD TO STEP A LITTLE CLOSE TO SEE HIM BUT I DIDN'T VIOLATE ANY PERSONAL BOUNDARIES DURING THAT TIME.

11. I HAD BEEN INQUIRING FOR WEEKS ABOUT GETTING THE CORRECT EYE GLASSES PRESCRIPTION TO NO AVAIL AND WAS ATTEMPTING TO ASK HIM AGAIN IF HE'D LOOK INTO IT.

FOOTNOTE 1
I AM LEGALLY BLIND UNDER THE ADA AND HAVE DIFFICULTY READING AND WRITING ALTHOUGH I WEAR GLASSES.

-2-

12. AT THE TIME, DEFENDANT HARRISON APPEARED AGITATED FROM THE TONE OF HIS VOICE AND WANTED TO PUT ME OFF AS THEY HAD BEEN DOING AND I WAS TRYING TO COMMUNICATED HOW HARD IT WAS FOR ME TO SEE.

13. THE NEXT THING I KNOW AND OUT OF NOWHERE, DEFENDANT WOODARD STEPPED IN THE DOORWAY AND PULLED HIS MACE ON ME FOR NO REASON AND WAS AIMING IT AT MY FACE. I DIDN'T REALIZE THAT HE HAD HIS MACE CAN AT THE TIME BECAUSE ALL I COULD SEE WAS A BLUR. AT THE TIME I HAD BOTH OF MY HANDS BEHIND MY BACK.

14. DEFENDANT WOODARD THEN YELLED AT ME FOR NO REASON STATING "STOP YOUR ACTIONS!" THIS WAS DONE IN A VERY HOSTILE OVERTONE FOR NO REASON.

15. THEN FOR NO REASON I HEARD THE SOUND OF SPRAYING AND IMMEDIATELY I FELT MY EYES AND FACE BURNING WITHIN SECONDS OF DEFENDANT HARRISON STATING "SPRAY HIS ASS OFFICER WOODARD."

16. AS SOON AS THE SPRACE HIT MY EYES, I SWUNG BLINDLY OUT OF HUMAN REFLEX AND FEAR. I DID NOT HIT OR ASSAULT ANY CORRECTIONAL EMPLOYEE. I WAS COMPLETELY BLINDED BY THE PEPPER SPRAY.

17. THEN I HEARD DEFENDANT WOODARD STATE "TURN AROUND AND PUT YOUR HANDS BEHIND YOUR BACK AND FACE THE WALL." AS SOON AS I TURNED AROUND FACING THE WALL WITH MY HANDS BEHIND MY BACK, DEFENDANT NEALY SHOT ME IN THE BACK WITH A TAZOR.

18. I WAS THEN AGAIN SPRAYED WITH MACE AND SIMULTANEOUSLY TAZED AGAIN. I KNEW IT WAS DEFENDANT NEALY TAZING ME BECAUSE I RECOGNIZED HIS VOICE. THE NEXT THING I KNOW, I'M LYING FACE DOWN ON THE GROUND AS SOMEONE PUT HANDCUFFS ON ME.

19. THERE WAS APPROXIMATELY FIVE OR SIX OFFICERS WHO THEN RUSHED ME DOWN THE HALLWAY WITH MY HANDS SECURED TIGHTLY BEHIND MY BACK WITH HANDCUFFS.

20. THEN SEVERAL UNIDENTIFIED DEFENDANT OFFICERS RUSHED ME INTO A SHOWER OUTSIDE OF THE VIEW OF ANY CAMERAS AND RAN MY FACE INTO THE CONCRETE WALLS REPEATEDLY, THEN STOOD BACK AND MACED ME AND TAZED ME AGAIN.

- 3 -

21. I WAS IN SO MUCH PAIN, ALL I COULD DO IS SCREAM "PLEASE STOP, WHAT DID I DO, Y'ALL ARE KILLING ME PLEASE I'M SORRY!" THEN THEY STARTED HITTING ME WITH THEIR FISTS ALL OVER MY HEAD AND BODY UNTIL I LOST CONSCIOUSNESS.

22. WHEN I WAS COHERENT, I LEARNED THAT I HAD BEEN BEATEN SO BAD THAT I SUSTAINED A FRACTURED SKULL, A BROKEN NOSE AS WELL AS BOTH ORBITAL BONES IN MY EYE SOCKETS AND EVEN LOST ALL VISION FOR SEVERAL DAYS.

23. IN ADDITION AND AS A PROXIMATE RESULT OF BEING BRUTALLY BEATEN, MY FACE AND EYES WERE BRUISED AND I NOW SUFFER PTSD, NIGHTMARES, FEAR, DEPRESSION AND I AM UNDER THE CARE OF A PSYCHIATRIST. Footnote 2 I ALSO EXPERIENCE ONGOING HEADACHES.

## V.        CLAIM ONE

### CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

24. PLAINTIFF INCORPORATES HEREIN BY REFERENCE AS IF FULLY SET FORTH HEREIN THE ALLEGATIONS OF PARAGRAPHS 1 THROUGH 23.

25. DEFENDANTS WOODARD, NEALY AND SEVERAL FNU-LNU CORRECTIONAL OFFICERS USED EXCESSIVE FORCE AGAINST THE PLAINTIFF AGAINST NCDAC'S WRITTEN POLICY AND IN VIOLATION OF THE EIGHTH AMENDMENTS PROHIBITION THEREOF WHEN THEY SPRAYED PLAINTIFF WITH OC PEPPER SPRAY, TAZED HIM, AND THEN BEAT HIM WITH THEIR FISTS AFTER PLAINTIFF WAS HANDCUFFED BEHIND HIS BACK.

26. DEFENDANT WOODARD AND NEALY'S USE OF EXCESSIVE FORCE AGAINST PLAINTIFF AS WELL AS ALL FNU-LNU DEFENDANTS WAS MEANT TO CAUSE PLAINTIFF OFFENSIVE CONTACT AND DID CAUSE PLAINTIFF GREAT PHYSICAL PAIN AND SUFFERING AND WAS CLEARLY NOT APPLIED "IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE," BUT INSTEAD WAS USED "MALICIOUSLY AND SADISTICALLY TO CAUSE HARM" TO THE PLAINTIFF. HUDSON V. MCMILLIAN, 503 U.S. 1 (1992)

---

FOOTNOTE 2 JUST SIX MONTHS EARLIER, ANOTHER PRISONER WAS BEATEN TO DEATH BY PRISON GUARDS EMPLOYED AT SCOTLAND CI AND WERE RESIGNED AS A PROXIMATE RESULT. IN ADDITION, THERE ARE MULTIPLE LAWSUITS PENDING IN STATE AND FEDERAL COURTS AS WELL AS THE INDUSTRIAL COMMISSION AGAINST VARIOUS PRISON GUARDS FOR SIMILAR CONDUCT AS EXPLAINED HEREIN.

-4-

## VI. CLAIM TWO

### FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

27. Plaintiff incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 26.

28. Defendant Harrison had the power, authority and right to order Defendants Nealy, Woodard and FNU-LNU correctional officers to cease and desist beating, tazing, and pepper-spraying the plaintiff after plaintiff was handcuffed behind his back but chose to forego his duty.

29. Defendant Harrison knew that the plaintiff would or could be subjected to serious physical bodily injury and failed to take any remedial action to curtail reasonably foreseeable harm and thus condoned those actions and as a proximate result of such condonation, caused the injuries alleged by plaintiff.

30. Such foreseeable notice violates the precedent set by **FARMER V. BRENNAN**, 511 U.S. 825 (1994) which held "prison officials have a duty... to protect prisoners from violence at the hands of other prisoners under the Eighth Amendment," this principle applies to prison officials as well. See also **HELLING V. McKINNEY**, 509 U.S. 25, 34-35 (1993)

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays this court enter judgement granting plaintiff:

1. A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States.

2. A preliminary and permanent injunction ordering the defendants to not further assault plaintiff or any other inmate

3. Compensatory damages in the amount of in excess of one million dollars against each defendant, jointly and severally.

4. Punitive damages in the amount of in excess of

-5-

ONE MILLION DOLLARS AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

5. ATTORNEYS FEES AND THE COST OF THIS LITIGATION.

6. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

7. ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

THIS 15 DAY OF MAY 2024.

X *Travus McCants*
TRAVUS McCANTS
#0780940  PRO SE
TABOR CORR. INSTITUTION
4600 SWAMP FOX HWY WEST
TABOR CITY, N.C. 28463

VIII.

## VERIFICATION

I THE UNDERSIGNED SWEAR UNDER PENALTY OF PERJURY THAT THE AFOREGOING IS TRUE AND CORRECT BASED UPON MY OWN BELIEF AND KNOWLEDGE AND THAT THIS COMPLAINT WAS PREPARED FOR ME BY ANOTHER PRISONER IN LIGHT OF MY VISUAL DISABILITY.

X *Travus McCants*
TRAVUS McCANTS
#0780940  PRO SE

## GRIEVANCE EXHAUSTION

I FURTHER CERTIFY THAT I HAVE EXHAUSTED ALL AVAILABLE STATE REMEDIES PRIOR TO FILING THIS CAUSE OF ACTION. EX.A

X *Travus*
TRAVUS McCANTS
#0780940  PRO SE

-6-