UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:24-CV-00434-LCB-JLW

| | |
|---|---|
| TRAVUS MCCANTS,<br>　　　　　　Plaintiff,<br>v.<br>CHUM HARRISON, et al.,<br>　　　　　　Defendants. | **RESPONSE IN OPPOSITION TO MOTION TO COMPEL** |

NOW COMES Defendants Harrison, Woodford, Nealy, Vigus, Locklear, Perritt, Broady, Burks, and Gibson (hereinafter, "Defendants"), by and through Undersigned Counsel, and responds in opposition to Plaintiff's Motion to Compel (DE-26). In summary, Plaintiff's motion should be denied because discovery has not commenced, Plaintiff has not served any discovery requests, and Plaintiff failed to meet and confer.

I. **STATEMENT OF CASE AND FACTS**

On May 23, 2024, Plaintiff filed his Complaint. DE-1. On July 13, 2024, the Court filed its order allowing this case to proceed and requesting waivers of service of process. DE-7; DE-8. On December 12, 2024, Defendants filed a Motion to Dismiss. DE-17. Plaintiff has not responded to the Motion to Dismiss.

On January 29, 2025, Undersigned Counsel filed his Notice of Substitution of Counsel. DE-23.

On February 4, 2025, Defendants filed a Certificate of Service for the initial Notice of Appearance (DE-11), Motion to Dismiss (DE-17), Memorandum in Support of Motion

1

to Dismiss (DE-18), and Notice of Substitution (DE-23), showing that they served Plaintiff at his updated address. DE-25.

On February 12, 2025, Plaintiff filed a Motion to Compel. DE-26. Defendants now response in opposition to that motion.

On February 18, 2025, Plaintiff filed a Motion to Appoint Counsel. DE-27. On February 25, 2025, the Court denied that motion and also extended Plaintiff's time (through March 18th) to respond to Defendants' Motion to Dismiss. Text Order dated February 25, 2025.

Plaintiff never served any discovery requests. Plaintiff never contacted Undersigned Counsel regarding any discovery requests.

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S MOTION TO COMPEL IS NOT RIPE

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, *pro se* parties may not engage in discovery until authorized by the Rules, stipulation of the parties, or court order. Fed. R. Civ. P. 26(d)(1). Furthermore, Local Rule 26.1(b)(3) states that "any party seeking to compel discovery or other pretrial relief based upon discovery material which has not been filed with the clerk must identify the specific portion of the material which is directly relevant and ensure that it is filed as an attachment to the application for relief."

In this case, Plaintiff has not served any discovery requests, and he certainly did not attach any to his motion. Thus, he cannot yet file a motion to compel. Furthermore,

neither discovery requests nor a motion to compel would be appropriate at this juncture because the Court has not yet issued any type of scheduling order. Therefore, Plaintiff's Motion to Compel should be denied for not being ripe.

**B.     PLAINTIFF FAILED TO MEET AND CONFER**

Rule 37 requires that any motion to compel include a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

In this case, while Plaintiff included the certification in his Motion to Compel, he never actually conferred with Undersigned Counsel. Specifically, Undersigned Counsel's office has received only two letters from Plaintiff, and neither involved discovery requests. Upon information and belief, Plaintiff merely included the certification in his motion to comply with Rule 37's procedural requirements without actually conferring in good faith. The Court may wish to warn Plaintiff about making false statements to the Court.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

3

Respectfully submitted this the 27th day of February, 2025.

>JEFF JACKSON
>Attorney General
>
>/s/ Alex R. Williams
>Alex R. Williams (N.C.S.B. No. 41679)
>Special Deputy Attorney General
>N.C. Department of Justice
>Public Safety Section
>P.O. Box 629
>Raleigh, North Carolina 27699-9001
>Telephone: 919-716-6528
>Facsimile: 919-716-6761
>awilliams@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by U.S. Mail, postage prepaid, addressed as follows:

>Travus McCants
>OPUS No. 0780940
>Craven Correctional Institution
>600 Alligator Road
>Vanceboro, NC 28586
>*Pro Se Plaintiff*

This the 27th day of February, 2025.

/s/ Alex R. Williams
Alex R. Williams
Special Deputy Attorney General